UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IFEOMA EZEKWO,<br><br>      Plaintiff,<br><br>  -against-<br><br>GERALD MOISE, et al.,<br><br>      Defendants. | 23-CV-10360 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  On November 22, 2023, Plaintiff filed this *pro se* complaint. Prior to December 1, 2023, to proceed with a civil action in this court, a plaintiff was required to pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee. On December 1, 2023, the administrative fee increased to $55.00. On December 21, 2023, Plaintiff submitted to the court a money order in the amount of $405.00, but because Plaintiff filed her complaint before December 1, 2023, she was required to pay $402.00, not $405.00. Plaintiff thus overpaid the fees by $3.00.

  Because Plaintiff paid the incorrect fees to file this action, the Finance Unit of the Clerk's Office is directed to return the money order to Plaintiff.

  Within thirty days of the date of this order, Plaintiff must pay $402.00 in fees. The filing fees must be paid by certified check or money order, payable to: Clerk of Court – SDNY, and can be mailed to: Finance Department – Room 260, 500 Pearl Street, New York, NY 10007. Any certified check or money order must include Plaintiff's case number, 23-CV-10360 (LTS). Payment can also be made by major credit card or cash (if the payment is made in person). Personal checks are not accepted.

## CONCLUSION

No summons shall issue at this time. The Court directs Plaintiff, within thirty days of the date of this order, to pay the $402.00 in fees by using one of the acceptable forms of payment noted above. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Finance Unit of the Clerk's Office is directed to return the $405.00 money order to Plaintiff at the address listed on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 3, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge